CHARLES W. LYON *vs.* GEORGE WILLIAMS, JR.

A written receipt for goods delivered in Boston, "which" by the terms of the receipt "the several railroad companies between Boston and Zanesville agree to transport over their lines, *via* Albany, Buffalo, Cleveland and Columbus to Zanesville, on the terms and conditions mentioned in their respective published tariffs, which are hereby made part of this contract, each delivering to the next connecting road, but assuming no responsibility or control of property beyond its own line, other than prompt delivery to the next succeeding line," at a certain price "per 100 lbs from Boston to Zanesville," and signed "*J. S. for the corporations,*" does not bind J. S. personally, although it is not disclosed by him, nor known by the other party, for what corporations he acts; and although there are many different routes and different companies which would satisfy the description; and although he is not agent for one of the companies over whose road he sends the goods; and, after the loss of the goods, makes an oral personal promise to pay for them.

ACTION OF CONTRACT by the consignee for the loss of the goods mentioned in this receipt: " Through freight, Boston to Zanesville. 28 State St. Boston, Feb. 21, 1853. Received of Hosmer & Bailey seventeen (17) cases boots and shoes, (marked ' H. Lyon, Zanesville, Ohio, R. R. through,') which the several railroad companies between Boston and Zanesville agree to transport over their lines, *via* Albany, Buffalo, Cleveland, Columbus, to do., on the terms and conditions mentioned in their respective published tariffs, which are hereby made part of this contract; each delivering to the next connecting road, but assuming no responsibility or control of property beyond its own line, other than prompt delivery to the next succeeding line; as described by marks above; to deliver at the depot of the Ohio Central Railroad at Zanesville, on the payment of freight according to the conditions of the separate published tariffs of the line between Boston and Zanesville, which are referred to as part hereof; at $1.79 per 100 lbs. from Boston to Zanesville.

" G. Williams, Jr. for the Corporations."

At the trial in the court of common pleas, the plaintiff offered to show that the goods were not transported or delivered according to this contract; that the defendant, at the time of making the contract, did not disclose to him the names of the railroad companies therein referred to, and that the plaintiff did not

47 *

know what companies they were; that there were a great many different ways of transportation by railroad from Boston to Zanesville, by way of Albany, Buffalo, Cleveland and Columbus, owned respectively by numerous different railroad corporations, and that the description in the contract would apply equally well to many different routes and different corporations; that from this description it could not be ascertained for which of said companies the defendant acted in making the contract; and that it was not communicated by the defendant to the plaintiff, nor known to the plaintiff, for what companies the defendant acted in making the contract.

The plaintiff further offered to show that the defendant sent the goods in a different direction from that mentioned in the contract; that the defendant, after the breach of the contract, made a verbal personal promise that he would pay for the lost goods; and that the defendant had admitted that he was not agent for one of the railroad companies over whose line he sent the goods.

The plaintiff admitted that the defendant, after the making of the contract, and without the plaintiff's knowledge, delivered the goods to the Boston and Worcester Railroad Corporation, being a company to which the description in the contract might apply.

Upon these facts, *Hoar*, J. ruled that the action could not be maintained; whereupon the plaintiff became nonsuit, and alleged exceptions.

*R. F. Fuller*, for the plaintiff. If a person would excuse himself from responsibility on the ground of agency, he must show that he disclosed his principal at the time of making the contract, and that he acted in behalf of his principal, so as to enable the party with whom he deals to have recourse to the principal, in case the agent had authority to bind him. Even his being known to be acting for some unknown principal does not exonerate the agent, nor put the other party on his inquiry to ascertain who the principal is. 2 Kent Com. (6th ed.) 631. Story on Agency, § 267. Paley on Agency, (3d Amer. ed.) 371. *Hastings* v. *Lovering*, 2 Pick. 214. *Winsor* v. *Griggs*, 5 Cush. 210

In the case at bar, the agent did not name his principal, either in the contract or verbally, nor describe him, directly or by implication, so as to enable the plaintiff to have recourse to any principal. There being many corporations which would satisfy the description in the contract, if the defendant was the authorized agent of all of them, only those which should in fact transport the goods would become bound; and so the contract is uncertain, and imposes no obligation upon any of them ; though those which received the goods would of course be responsible, but merely on the ground of having received the goods. If the contract does not bind the agent, it binds no one ; and if it did, it would be practically impossible to enforce it. It is clear that the contract contemplated some personal liability on the part of Williams, at least from the time of receiving the goods until they reached some one of the railroads ; and this shows that he was understood to assume some personal obligation. Besides ; the goods would not pass from Boston to Zanesville, unless some person gave them a right direction ; and here even that was not done.

*G. S. Hale,* for the defendant, cited Story on Agency, §§ 263, 264 *a,* 265, 265 *a,* 274 *b; Abbey* v. *Chase,* 6 Cush. 54; *Jefts* v. *York,* 4 Cush. 371 ; *Rogers* v. *March,* 33 Maine, 106 ; *Johnson* v. *Smith,* 21 Conn. 627 ; *Woodes* v. *Dennett,* 9 N. H. 55; *Jenkins* v. *Hutchinson,* 13 Ad. & El. N. R., 744 ; *Mahoney* v. *Kekulé,* 14 C. B. 390 ; *Brown* v. *Rundlett,* 15 N. H. 360 ; *Owen* v. *Gooch,* 2 Esp. R. 567 ; *Jones* v. *Littledale,* 6 Ad. & El. 490 ; *Franklyn* v. *Lamond,* 4 C. B. 637 ; *Carr* v. *Jackson,* 7 Exch. 382.

DEWEY, J. The case stated is clearly a case of agency, and that agency disclosed upon the face of the contract. Such being the case, the action for any breach of the contract should be brought against the principal.

No doubt, in many cases, the agent, by the recitals in the contract and by the form of his signature to the contract, imposes upon himself the responsibility of the performance of the contract. But here the written contract is in direct terms that of others, and not of the defendant. " The several railroad companies between Boston and Zanesville agree," and the defendant

signs " for the corporations." The contract also limits the extent of the liability of each of the railroad corporations to its own line.

But it is said that the names of these corporations are not stated. This is true ; but they are capable of being made cer tain by proper inquiry, and the plaintiff was content to take a contract thus generally designating the parties with whom the liability was to rest for the safe and proper conveyance of the goods. If we are correct in the view we have taken as to who are the parties to the contract, no difficulty arises as to the other points taken by the plaintiff. If the defendant, as servant of the railroad corporation which first received the goods, and whose duty it was to carry them safely to the line of the next railroad company on the route and properly deliver them. has been guilty of any negligence in that respect, and has sent them forward on a wrong route, the proper party to be resorted to, in an action for damages for such negligence, is the principal, and not the agent.

There is no legal ground for charging the defendant upon any subsequent promise by him to pay the damages claimed by the plaintiff. There was no consideration for such promise; and the statute of frauds also precludes any such action, the promise not being in writing. Nor is it open to the plaintiff to show in the present action that of one of the railroad corporations, whose road composed a part of the route on which these goods were to be forwarded, the defendant was not a legally authorized agent. If any injury had resulted to the plaintiff from that cause, the proper remedy would be by an action of tort for false represen tation, or for acting without lawful authority from such railroad corporation in making the contract.

*Exceptions overruled.*